Philip D. Dracht (219044)
THE LAW OFFICE OF PHILIP DRACHT
15 W. Carrillo St.
Santa Barbara, CA 93202
pdracht@drachtlaw.com
Telephone: (805) 979-8802
Facsimile: (805) 613-6607

Attorneys for Plaintiff John J. Menchaca,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>TIFKAH, formerly known as House Research Institute,<br><br>　　　　Debtor. | Case No. 2:14-bk-21532-TD<br><br>Chapter 7 |
| JOHN J. MENCHACA, Chapter 7 Trustee,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DAVID H. KOCH, an individual, RICK CARUSO, an individual, TINA CARUSO, an individual, STEPHEN CHANDLER, an individual SUE W. CHANDLER, an individual, the SCOTTSDALE FOUNDATION, an unknown entity,<br><br>　　　　Defendant. | Adv. No.<br><br>**TRUSTEE'S COMPLAINT FOR BREACH OF CONTRACT**<br><br>Date:　SEE SUMMONS<br>Time:　SEE SUMMONS<br>Place:　SEE SUMMONS |

　　　　Plaintiff John J. Menchaca, the Chapter 7 trustee (the "Trustee") of the estate of TIFKAH, formerly known as House Research Institute (the "Debtor"), alleges as follows:

## JURISDICTION AND VENUE

　　　　1.　　This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§

1

157 and 1334.  This action is commenced pursuant to 11 U.S.C. § 547 and § 549.  This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (F), and (O).  This action arises in a case under Chapter 7 of title 11 of the United States Code entitled TIFKAH, formerly known as the House Research Institute, which has been assigned number 2:14-bk-21532-TD and is pending in the United States Bankruptcy Court, Central District of California, Los Angeles Division (the "Bankruptcy Case").  Plaintiff consents to the entry in this action of final orders or judgment by the Bankruptcy Court.

2. Venue in this judicial district is appropriate pursuant to the provisions of 28 U.S.C. §1409(a).

3. On or about June 12, 2014 (the "Petition Date"), TIFKAH, formerly known as the House Research Institute (the "Debtor" or "HRI") filed a voluntary petition for relief under Chapter 7 of title 11 of the United States Code (the "Code"), case no. 2:14-bk-21532-TD (the "Bankruptcy Case").

4. John J. Menchaca was appointed as the Chapter 7 trustee for the Debtor's estate and continues to serve in that capacity for the benefit of creditors.

## **THE PARTIES**

5. Plaintiff brings this action solely in his capacity as the Chapter 7 trustee for the Debtor's estate.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant David H. Koch ("Koch") is an individual who resides in New York and Kansas.

7. Plaintiff is informed and believes, and thereon alleges, that Defendants Rick Caruso and Tina Caruso (collectively the "Carusos") are individuals who reside in Los Angeles County, California.

8. Plaintiff is informed and believes, and thereon alleges, that Defendants Stephen Chandler and Sue W. Chandler are individuals who, on information and belief, reside in San Marino, California.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant the Scottsdale Foundation is listed with the California Secretary of State as being suspended by the Franchise Tax

2

Board.  The entity address listed with the California Secretary of State is in San Marino, CA.

10. Plaintiff is informed and believes and thereon allege that the Scottsdale Foundation entity named as a Defendant herein was at all times relevant the alter ego corporations of individual Defendants Stephen Chandler and Sue W. Chandler by reason of the following:

(a) Plaintiff is informed and believes and thereon alleges that Stephen Chandler and Sue W. Chandler, at all times herein mentioned, dominated, influenced and controlled the Scottsdale Foundation and the officers thereof.

(b) Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, that the Scottsdale Foundation was organized by said individual defendants as a device to avoid individual liability while still receiving the individual benefits as if they were the individuals donating funds. In this case, as a condition of the pledge, Stephen and Sue W. Chandler mandated that the funds donated by the Scottsdale Institute go to "support the *Chandler* chair for Tinnitus Research." (*Italics* added).  The Pledge Form also indicates that the Pledging parties are Stephen and Sue W. Chandler along with the Scottsdale Foundation.

(c) Plaintiff is informed and believes and thereon alleges that the Scottsdale Foundation is insolvent.

(d) By virtue of the foregoing, adherence to the fiction of the separate corporate existence the Scottsdale Foundation would, under the circumstances promote injustice in that Plaintiff would be unable to realize upon any judgment in its favor.

**GENERAL ALLEGATIONS**

11. HRI was established in 1946 by Dr. Howard House and incorporated under the California Nonprofit Public Benefit Corporation Law.  Over the years it became one of the country's pre-eminent research facilities for hearing disorders.

12. Plaintiff is informed and believes, and thereon alleges, that at all relevant times HRI funded its operations in two ways: first, governmental grants; and second, donations from individuals or other entities.

3

## FIRST CLAIM FOR RELIEF

(For Breach of Contract)

13. Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 12, as though fully set forth herein.

### DAVID KOCH

14. In December, 2010, Koch pledged to donate $5 million to the House Research Institute, at a rate of $1 million per year for five years. The pledge was designated for use for the "David H. Koch Center for Hearing Restoration." The pledge was "a 5 year commitment pledge totaling 5 million dollars, conditional on the creation of the Center which will bear David Koch's name." Copies of letters dated December 30, 2010, December 39, 2011, and August 30, 2012 from Koch to the House Research Institute describing the pledge is attached as **Exhibit A**.

15. The House Research Institute created the Koch Center for Hearing Restoration.

16. In December 2010, Koch paid the first $1 million of the $5 million pledge.

17. In December, 2011, Koch paid the second $1 million towards his $5 million pledge.

18. In August, 2012, at the request of the House Research Institute, Koch paid the third $1 million of the $5 million pledge earlier than planned.

19. Koch did not the fourth $1,000,000 payment on his $5,000,000 pledge in 2013.

20. Koch did not make a fifth $1,000,000 payment $5 million pledge in 2014.

21. The House Research Institute acknowledged in January 2011 that the pledge was for the Koch Center for Hearing Restoration. In 2013, in a further progress report, the House Research Institute reported to Koch that the Center was thriving. The House Research Institute also reported that total Koch Center costs were anticipated to be $4.9 million.

22. HRI was and is damaged by the failure of Koch to make the fourth and fifth $1,000,000 payments on his $5,000,000 pledge, as it had costs (and now has claims) related to the Koch Center for Hearing Restoration.

### THE CHANDLERS

23. In June of 2011, the Chandlers pledged to donate $1 million to the House Research Institute for the Chandler Chair for Tinnitus Research, at a rate of $250,000 per year for four years,

4

Due on or Before 6/30/2011, 6/30/2012, 6/30/2013, 6/30/2014.  The pledge was designated to "support the Chandler Chair for Tinnitus Research."  A copy of the Chandlers' Pledge Form is attached as **Exhibit B**.  The Pledge Form indicates that the names of the parties making the pledge are "Stephen and Sue W. Chandler" and "Scottsdale Foundation."

24.   The House Research Institute created and maintained the Chandler Chair for Tinnitus Research.

25.   At the request of Stephen and Sue Chandler, the Debtor hired a specific person, Dr. David Landsberger, to fill the Chandler Chair for Tinnitus Research.  That request was a condition for payment of the third and fourth installments.  Dr. David Landsberger is now a creditor of Debtor.

26.   The Chandlers paid the first three payments of $250,000 in 2011, 2012, and 2013.

27.   The Chandlers did not make the fourth $250,000 payment on their pledge due on or before 6/30/2014.

28.   HRI was damaged by the failure of the Chandlers to make their fourth $250,000 payment, as it had costs (and now has claims) related to the Chandler Chair for Tinnitus Research.

**THE CARUSOS**

29.   On September 8, 2008, the Carusos made an "irrevocable pledge of $1,500,000…payable in 10 annual installments of $150,000 beginning December 15, 2008. The tenth and final installment will be due December 15, 2017. The pledge was restricted for Hair Cell Regeneration Research and in recognition of the gift, HRI agreed "the circle drive and fountain area will be prominently recognized on the fountain in the center of the drive as follows: TINA AND RICK CARUSO."  The gift was also required to be "recognized in appropriate publications and announcements, and in the donor plasma screen displays in the main lobby of the Institute." A copy of the Chandlers' Pledge Form is attached as **Exhibit C**.

30.   HRI named the circle drive and fountain area with a plaque recognizing the Carusos: "TINA AND RICK CARUSO."  HRI also recognized the Carusos pledge with appropriate publicity.

31.   From 2008 through 2012, the Carusos made five $150,000 payments totaling

5

Case 2:16-ap-01266-TD    Doc 1    Filed 06/10/16    Entered 06/10/16 11:12:06    Desc
                          Main Document    Page 6 of 8

$750,000.

32.    The Carusos did not make a payment in 2013 and have not made any payments after 2013.

33.    HRI was and is damaged by the failure of the Carusos to make their payments in 2013 and any other subsequent payment.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against David Koch, Rick Caruso and Tina Caruso, Stephen Chandler, Sue W. Chandler, and the Scottsdale Foundation as follows:

**ON THE FIRST CLAIM FOR RELIEF:**

1.    For damages against David H. Koch in the amount of $2,000,000;

2.    For damages against the Carusos in the amount of $750,000;

3.    For damages against the Chandlers in the amount of $250,000;

2.    For such other and further relief as the Court deems just and proper.

**ON ALL CLAIMS FOR RELIEF:**

1.    For costs of suit incurred herein; and

2.    For such other and further relief as the Court deems just and proper.

Dated: June 10, 2016              THE LAW OFFICE OF PHILIP DRACHT

*/s/ Philip D. Dracht*
Philip D. Dracht
Attorneys for Plaintiff  John J. Menchaca,
Chapter 7 Trustee

**B1040 (FORM 1040) (12/15)**

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|

| **PLAINTIFFS** JOHN J. MENCHACA, Chapter 7 Trustee, | **DEFENDANTS** DAVID H. KOCH, RICK CARUSO, TINA CARUSO, STEPHEN CHANDLER, SUE W. CHANDLER, the SCOTTSDALE FOUNDATION |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Philip D. Dracht Law Office of Philip Dracht 15 W. Carrillo St, Santa Barbara, CA 93101  805-979-8802 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor    ☐ Other ☒ Trustee | **PARTY** (Check One Box Only) ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor    ☒ Other ☐ Trustee    Defendant |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Breach of contract claim against parties that made charitable pledges to the House Research Institute to enforce those pledges

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 2,000,000; $750,000; $250,000 |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||||
|---|---|---|---|---|
| NAME OF DEBTOR<br>TIFKAH, formerly known as House Research Institute |  | BANKRUPTCY CASE NO.<br>2:14-bk-21532-TD |||
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California |  | DIVISION OFFICE |  | NAME OF JUDGE<br>Thomas B. Donavan |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||||
| PLAINTIFF |  | DEFENDANT |  | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE || NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

*Philip Dracht*

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| 06/10/2016 | Philip D. Dracht |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.